(30 Misc. Rep. 300.)

### MOSS v. CRIMMINS et al.

(Supreme Court, Special Term, New York County. January, 1900.)

PLEADING—NEGLIGENCE—BILL OF PARTICULARS—SUFFICIENCY.

    Where plaintiff, while traveling on a street in the nighttime, sustained injuries by falling in a ditch dug by a contractor, and the contractor, in an action by plaintiff against him for damages for the injuries, demanded a bill of particulars of the acts constituting the alleged negligence, a bill stating that defendant's negligence was in not keeping the excavation covered or protected by a railing or otherwise, and failing to keep it sufficiently lighted, was sufficient.

Action by Rachel Moss against John D. Crimmins and others. Motion for an additional bill of particulars. Denied.

L. S. Carrere, for the motion.
Franklin Pierce, opposed.

GILDERSLEEVE, J. This is a motion for a bill of particulars of the acts of defendant Crimmins which constituted the alleged

negligence of which the plaintiff complains. The complaint alleges that the said Crimmins was engaged in the construction of an underground electric trolley system on Madison avenue, under the direction of the other defendant, the Metropolitan Street Railway; that for such purpose the defendants caused excavations and trenches to be dug, which interfered with public travel on Madison avenue and on Eighty-Sixth street; that in the nighttime of December 1, 1897, the plaintiff, while lawfully traveling on said avenue, fell into one of said trenches, and received the injuries complained of; and that such accident was caused by the negligence of the defendants, their agents and employés, in their construction, management, and care of the said excavations and trenches, and in keeping the same insufficiently lighted; and that the plaintiff was free from all contributory negligence. The answer denies that the said Crimmins was so engaged in the construction of said electric system under the direction of the other defendant, and denies any knowledge or information sufficient to form a belief as to each and every other allegation of the complaint, and therefore denies the same. In response to defendant's demand, the plaintiff served a bill of particulars stating that defendant's negligence consisted in failing to keep the excavations and trenches guarded and protected by railing or covering or in any other manner, and in failing to keep the same sufficiently lighted. The bill of particulars is verified by one of the attorneys for the plaintiff, who states that his information is derived from statements of the plaintiff, and that the verification is not made by the plaintiff herself for the reason that she is not within the county of New York, where the action is brought, nor within the county of Kings, where the attorney resides. Code Civ. Proc. § 531. The said defendant Crimmins is not content with this bill of particulars, which he regards as insufficient. The said defendant might possibly have been justified in asking for greater particularity as to the precise time and locality of the accident, but he confines his demand wholly to the alleged acts of omission or commission which constitute the negligence of which plaintiff complains. These, it seems to me, the plaintiff has sufficiently given. The motion must be denied, with $10 costs to abide the event.

Motion denied, with $10 costs to abide event.